

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF NORTH CAROLINA

---

MARY JANE BEAUREGARD, On Behalf of
Herself and All Others Similarly Situated

                  Lead Plaintiff,

vs.                                       Civ. No. 07-CV-00785-WO-PTS

SMART ONLINE, INC., *et al.*

                  Defendants.

---

### FINAL JUDGMENT AND ORDER OF PARTIAL DISMISSAL WITH PREJUDICE[1]

This matter came before the Court for hearing pursuant to an Order of this Court, dated January 13, 2011, on the application of the Lead Plaintiff and the Settling Defendants for approval of the Settlement set forth in the Stipulation and Agreement of Partial Class Settlement dated as of June 18, 2010 (the "Stipulation"), as amended on May 10, 2011. Due and adequate notice was given of the Settlement as required in said Order, and the Court, having considered all

---

[1] The Proposed Final Judgment and Order of Partial Dismissal with Prejudice is signed as tendered with the following exceptions: 1) Where this Order references the Order of Restitution from *United States v. Nouri, et al.*, Case No. 07-Cr-1029 (DC), United States District Court for the Southern District of New York, the date of the Order of Restitution has been amended to reflect the correct date of filing for the Order of Restitution, or September 24, 2010, rather than September 27, 2010; 2) Paragraph 4 has been amended to reflect Mr. DeLuca's withdrawal of his Objection to Proposed Class Action Settlement, which was originally filed on April 1, 2011 (Doc. 98).

papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Judgment incorporates by reference the definitions in the Stipulation, as amended, and all terms used herein shall have the same meanings set forth in the Stipulation, as amended by the Amendment to Stipulation and Agreement of Partial Class Settlement ("the Amendment"), dated May 10, 2011.[2]

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Settlement Class.

3. The Action and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the other Members of the Settlement Class, and as against each and all of the Released Parties. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, the Lead Plaintiff, the Settlement Class and each of the Settlement Class Members. This Court further finds that the Objection to Proposed Class Action Settlement filed on April 1, 2011 (Doc. 98) has been withdrawn, as more fully described by the Plaintiff, in reliance upon the Amendment to the Stipulation. This Court hereby approves withdrawal of those objections, or in the alternative

---

[2] This court notes, however, that the Amendment lists September 27, 2010 as the date of Judge Chin's Order of Restitution in *United States v. Nouri*, No. 07-CR-1029 (S.D.N.Y Sept. 24, 2010). However, this court's review of the docket in *United States v. Nouri* reveals that the Order of Restitution was actually filed on September 24, 2010. Therefore, this court adopts the Amendment with the exception of that typographical error.

finds that those objections are rendered moot by the Amendment. No other objections were filed to the Settlement. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the Settlement Class Members and the Settling Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Lead Plaintiff and the Settling Defendants are hereby directed to perform the terms of the Stipulation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement, a Settlement Class of all Persons who purchased or otherwise acquired publicly traded securities of Smart Online between May 2, 2005 and September 28, 2007. Excluded from the Settlement Class are (a) the Individual Defendants, officers, directors, and employees during the Class Period of Smart Online, Maxim Group, Sherb & Co., and Jesup & Lamont; (b) the immediate family, legal representatives, heirs, and assigns, of any excluded Person; and (c) any entity in which any excluded Person has or had a controlling interest. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Action sent to Settlement Class Members, as set forth on Exhibit 1 hereto.

6. With respect to the Settlement Class, this Court finds for the purposes of effectuating this Settlement that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and Lead Plaintiff's Counsel have fairly and adequately represented and protected the

interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

7. Upon the Effective Date, the Lead Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment entered in the Action shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form.

8. All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties.

9. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment entered in the Action shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Settlement Class Members and Lead Plaintiff and their counsel from all claims, including Unknown Claims, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

10. Upon the Effective Date, Smart Online shall be deemed to have, and by operation of the Judgment, shall have, fully, finally, and forever released, relinquished and discharged Maxim Group and its counsel from all Released Claims, including Unknown Claims.

11. Upon the Effective Date, Maxim Group shall be deemed to have, and by operation of the Judgment, shall have, fully, finally, and forever released, relinquished and discharged Smart Online and its counsel from all Released Claims, including Unknown Claims.

12. The Court hereby enters a bar order as provided by section 21D(f)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(f)(7), and applicable federal and state law. This bar order shall be as broad as permitted by state or federal law, and shall permanently and forever bar from filing, instituting, prosecuting, or maintaining, directly or indirectly, in any capacity, any claims for contribution or any other claim asserted against any Settling Defendant, whether based in tort, contract, or any other theory, arising from, based upon, or related to any fact or circumstance involved in the Action or in any pleading or any other paper filed therein, or the subject matters of the Action, whether such claim be legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, or asserted under state, federal, or common law, except such bar order shall not apply to any claims that any Class Member named in Exhibit A or Exhibit B to the Order of Restitution dated September 24, 2010 entered in *United States v. Nouri, et al.*, Case No. 07-Cr-1029 (DC), United States District Court for the Southern District of New York ("Order of Restitution") may have against Dennis Michael Nouri or Reza Eric Nouri pursuant to the terms of the Order of Restitution, including any actions or proceedings that any Class Member may pursue against any person in connection with the enforcement or in connection with collection of the Order of Restitution

13. The distribution of the Notice of Pendency and Proposed Settlement of Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be

identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

14. The Plan of Allocation set forth in the Notice is hereby approved as fair and equitable.

15. Counsel for Lead Plaintiff are hereby awarded 33 1/3 % of the cash portion of the Settlement Fund and 500,000 shares of the Smart Online Settlement Shares as attorneys' fees, which sum the Court finds to be fair and reasonable, plus $20,555.88 in reimbursement of expenses, which amounts shall be paid to Lead Plaintiffs' Counsel from the Settlement Fund and by the Settling Defendants as provided in the Stipulation, with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among counsel for Lead Plaintiff in a fashion which, in the opinion of Lead Plaintiff's Counsel, fairly compensates counsel for Lead Plaintiff for their respective contributions to the prosecution and settlement of the Settlement Class claims.

16. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

   a) the Settlement has created a fund of $462,500.00 in cash that is already on deposit, plus interest thereon, 1,500,000 Smart Online Settlement Shares, and the assignment of certain possible future recoveries by Smart Online on its alleged claims against certain Non-Settling Defendants to the Settlement Class, and that

numerous members of the Settlement Class who submit acceptable Proofs of Claim will benefit from the Settlement created by counsel for Lead Plaintiff;

b) Over 3,400 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to one-third (33 1/3 %) of the Settlement Fund and for reimbursement of expenses in an amount not to exceed $100,000 and there are no objections to the terms of the proposed Settlement or the attorneys' fee and expense reimbursement request by counsel for Lead Plaintiff as set forth in the Notice;

c) Counsel for Lead Plaintiff conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

d) The action involves complex factual and legal issues and was actively prosecuted for almost four years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

e) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from Defendants;

f) Counsel for Lead Plaintiff submitted declarations attesting to having spent over 1,334 hours, with a lodestar value of $773,421.50, to achieve the Settlement; and

g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

17. Lead Plaintiff's Counsel are awarded 33 1/3 %, plus their expenses, of any future

7

Case 1:07-cv-00785-WO-LPA   Document 107   Filed 07/01/11   Page 7 of 10

recoveries they obtain on behalf of the Class from any of the Non-Settling Defendants or as a result of Smart Online pursuing any claims it has against any Non-Setting Defendants and such recoveries are assigned to Lead Plaintiff, on behalf of the Class pursuant to the Stipulation.

18. The approval of Settlement, the Plan of Allocation and award of attorneys fees and expenses shall be considered separate and the finality of the approval of the Settlement is not dependant on the finality of the approval of the Plan of Allocation and aware of attorneys' fees and reimbursement of expenses to Counsel for Lead Plaintiff.

19. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Settling Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Defendants in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal. Settling Defendants may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Class Settlement Fund, including interest earned thereon; (b) disposition of the Class Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing, and

administering the Stipulation.

21. The Court finds that during the course of the Action, the Lead Plaintiff and the Settling Defendants and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

22. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Class Settlement Fund, or any portion thereof, is returned to the Settling Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

23. Pursuant to §3(a)(10) of the Securities Act of 1933, as amended (the "Securities Act"), the Court finds that by virtue of the Court's approval of the Settlement, the issuance of the Smart Online Settlement Stock as part of the Class Settlement Fund for distribution to the Settlement Class and Lead Plaintiff's Counsel shall be without registration under the Securities Act in reliance upon the exemption under §3(a)(10) thereto.

24. To the extent that the issuance of the Smart Online Settlement Stock as part of the Class Settlement Fund for distribution to the Settlement Class and Lead Plaintiff's Counsel requires registration under any particular state's securities laws, the Court requests that the appropriate state authority provide an exemption from such requirement to the extent allowed under relevant state law to facilitate the distribution of the Settlement Stock pursuant to the Stipulation which the Court finds is in the interests of the Settlement Class.

DATED: July 1, 2011

William L. Osteen, Jr.
HONORABLE WILLIAM L. OSTEEN, JR.
UNITED STATES DISTRICT JUDGE